UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JIM WILKERSON,                     )
                                   )   Case No. C08-1501RSL
                    Plaintiff,     )
        v.                         )
                                   )   ORDER GRANTING IN PART
VOLLANS AUTOMOTIVE, INC.,          )   PLAINTIFF'S MOTION TO COMPEL
and CHRISTOPHER VOLLANS,           )
                                   )
                    Defendants.    )
_____)

This matter comes before the Court on "Plaintiff's Motion to Compel Discovery." Dkt. # 10. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

**A. INTERROGATORIES NO. 1 AND 5**

The Federal Rules of Civil Procedure allow for broad discovery in civil actions. "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). This provision is liberally construed so that parties may conduct the wide-ranging discovery necessary to avoid surprise at trial and properly evaluate and resolve their dispute. A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). A party opposing an interrogatory has the burden of specifically stating and supporting its objections. Fed. R. Civ. P. 33(b)(4). Objections not raised within thirty days of being served with the interrogatories are "waived unless the court, for good cause, excuses the

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL

failure." Fed. R. Civ. P. 33(b)(4).

Plaintiff served his interrogatories on February 23, 2009. Defendants did not respond until plaintiff's counsel wrote to remind them of their discovery obligations. Although plaintiff clearly raised the timeliness of the objections in his motion, defendants offer no argument in response and simply attach an unauthenticated letter from counsel stating: "There has been some delay so that my client could once again review its records to make sure full disclosure was made." Response (Dkt. # 13) at Exhibit C. These tasks should have and could have been done in the thirty days provided by Rule 33(b)(2). Defendants have not shown good cause for an extension of time: their objections to Interrogatories No. 1 and 5 were therefore waived.

Even if the Court were to consider the objections on their merits, plaintiff is entitled to full and complete responses. Plaintiff seeks "all facts that support" defendants' affirmative defense that plaintiff is exempt from overtime payments under state and federal law and "all facts and all documents that support" defendants' claim that plaintiff stole from Vollans Automotive. Defendants object based on the work product doctrine and the attorney-client privilege. Without setting forth the elements of the claimed protections or discussing their applicability, defendants argue that a response to Interrogatories No. 1 and 5 will necessarily disclose the mental impressions of their attorney.

Neither protection applies in the circumstances of this case. Responding to Interrogatories No. 1 and 5 would involve the creation of a list of facts and/or documents. In support of their contention that plaintiff was exempt from overtime payments, for example, defendants could describe plaintiff's daily work activities, the way in which his hours and vacation time were recorded, and/or his payroll records. The Court cannot imagine how such facts could reveal communications between defendants and their counsel, and defendants have not offered a reasonable theory in support of their claim of attorney-client privilege. Similarly,

the work product doctrine, which protects from disclosure "documents and tangible things that are prepared in anticipation of litigation or for trial" (Fed. R. Civ. P. 26(b)(3)(A)), does not apply. Plaintiff seeks information, not documents or tangible things created by defendants in anticipation of litigation. One of the primary purposes of discovery is to uncover the facts on which your opponents' claim or defense is based: such facts are clearly discoverable. See, e.g., Stern v. O'Quinn, 253 F.R.D. 663, 686-87 (S.D. Fla. 2008); Campbell v. Washington, ___ F. Supp.2d ___, 2009 WL 577599 (W.D. Wash. March 5, 2009); Ramirez v. Olympic Health Mgmt. Sys., Inc., __ F. Supp.2d __, 2008 WL 5377882 (E.D. Wash. Dec. 23, 2008). Defendants cannot refuse to disclose facts simply because the interrogatory requires their attorney to cull through the universe of information to determine what is, and what is not, responsive. If that were the case, the liberal rules of discovery would be ineffective because any selection would arguably reveal the "mental impressions" of counsel. The Court finds that discovery is not so limited. Rule 33(a)(2), for example, allows a party to discover an opponent's theory of the case or its view regarding how a particular fact supports a legal claim. If such intrusive inquiries are expressly permitted, discovery aimed solely at facts and the identification of documents cannot be objectionable.[1]

**B. REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**

Plaintiff seeks a copy of a computer hard drive that may contain unaltered versions of the invoices prepared by plaintiff and records related to internet usage at Vollans Automotive. Because plaintiff did not make a good faith effort to confer with defendants regarding this request, his motion is DENIED in part.

The meet and confer requirements of Fed. R. Civ. P. 37(a)(1) and Local Civil Rule

---

[1] If, as their response memorandum suggests, defendants believe that all supporting facts were disclosed in their initial disclosures, their amended response to the interrogatories should clearly say so. Because plaintiff is currently defending against criminal charges arising out of his employment at Vollans Automotive, he likely has in his possession most, if not all, relevant information either directly from defendants or through the Skagit County Prosecutors Office

ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO COMPEL            -3-

37(a)(1)(A) are imposed for the benefit of the Court and the parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. Although counsel met to discuss plaintiff's discovery concerns – and resolved a number of disputes – the conversation regarding the hard drive was cut short by the filing of this motion. A good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. This did not happen. Defendants assert, and plaintiff does not dispute, that defendants agreed during the conference to consider further the issue of producing the hard drive. Thus, the final positions of the parties were unknown at the time plaintiff filed his motion. Further negotiation was possible, but plaintiff's precipitous filing ended any chance that the parties could resolve this dispute without Court intervention. As is clear from the memoranda submitted, defendants are, in fact, willing to produce a redacted version of the hard drive, and plaintiff has no objection to the proposed payment or protective order stipulations.

**C. SANCTIONS**

Defendants' objections to Interrogatories No. 1 and 5 were untimely and meritless. On the other hand, plaintiff filed this motion before reaching an impasse on Request for Production No. 3. The Court finds that each party should bear its own costs in this matter.

For all of the foregoing reasons, plaintiff's motion to compel is GRANTED in part and DENIED in part. Defendants' objections to Interrogatories No. 1 and 5 were untimely and without merit. Defendants shall, within ten days of the date of this Order, provide full and complete responses to the interrogatories. The parties have apparently resolved their dispute regarding production of the computer hard drive: plaintiff's motion to compel that production is DENIED without prejudice. The cross-motions for sanctions are DENIED.

Dated this 15th day of May, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge